IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALICIA M. REYES, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-340 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
|   Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) |     United States District Judge |
|    Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Alicia M. Reyes brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision finding her not disabled and therefore ineligible for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 21.)

Reyes timely filed written objections (Dkt. No. 22), and the commissioner filed a response (Dkt. No. 23). After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Reyes's objections merely repeat the arguments she made in her brief before the magistrate judge and thus fail to trigger de novo review. The court rejects these rehashed arguments, and it will adopt the magistrate judge's recommendation in full. Accordingly, defendant's motion for summary judgment will be granted, plaintiff's

motion for summary judgment will be denied, and the court will affirm the commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–4, Dkt. No. 21.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

*United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Reyes's Objections**

Reyes raises three objections to the report, and all three are "rehashed objections" that the *Heffner* and *Felton* courts concluded may be rejected. *See id*. That is, Reyes made the same arguments in her summary judgment briefing before the magistrate judge. (*Compare* Objs. 1–3, Dkt. No. 22 *with* Pl.'s Mem. Supp. Mot. Summ. J. 1–2, Dkt. No. 14.) As noted, the court properly rejects the objections on that basis. Furthermore, even if the court were to consider the objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

In her first objection, Reyes contends that the ALJ erred in his residual functional capacity (RFC) findings by concluding that Reyes does not require a sit/stand option and is

3

capable of performing work at the light exertional level. (Objs. 2.) The report noted that this argument "essentially ask[s] the court to reweigh the evidence," and it went on to discuss the weight the ALJ gave to Dr. Humphries' consultative report and the reasons underlying his ultimate conclusion that a sit/stand option was not required. (Report 6–9.) Indeed, after Reyes's consultative examination with Dr. Humphries, which the ALJ ordered to address this specific issue, the ALJ reconvened the parties for a supplemental hearing before arriving at his conclusion that Reyes does not require a sit/stand option. (*Id.* 8.)

Reyes's second objection is that the ALJ also erred in assessing her RFC because his conclusion that she can frequently handle objects is not supported by substantial evidence. (Objs. 2.) This is the same argument Reyes made before the magistrate judge. (*Compare* Objs. 2 *with* Pl.'s Mem. Supp. Mot. Summ. J. 1.) And as the report correctly notes, the ALJ "did not fail to consider conflicting medical evidence" and "include[d] a detailed summary of Reyes's medical records, the medical opinions, Reyes's hearing testimony and the ALJ's conclusions" in order to arrive at his conclusion that she could frequently handle objects. (Report 10.)

Third and finally, Reyes contends that the ALJ erred in his credibility determination and in concluding that Reyes's statements concerning the severity of her symptoms were not entirely credible. Reyes presented this argument to the magistrate judge (*compare* Objs. 3–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 2), and the magistrate judge correctly concluded that the ALJ's "opinion was thorough" as to credibility (R. 13). The court notes that in her objections, Reyes cites for the first time *Brown v. Comm'r of Social Security Admin.*, 873 F.3d 251, 268–70 (4th Cir. 2017), which was decided after the briefing in this case, to argue that the ALJ failed to build a "logical bridge" from the evidence to his conclusion that Reyes was not fully credible about her limitations. (Objs. 4–5.) But here, unlike in *Brown*, the ALJ carefully considered Reyes's

medical history together with her own allegations regarding her pain and symptoms. (*See* Report 12–13.) While an ALJ may not overlook "the limited extent of [a]ctivities described by" the plaintiff, *Brown*, 873 F.3d at 269, it is proper for an ALJ, as in the instant case, to rely on evidence regarding a plaintiff's routine, non-work activities in rejecting a claim of disability, *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). The ALJ gave reasons for his determination, relied on record evidence to do so, and noted Reyes's own conflicting reports of her capabilities and symptoms. (R. 12–13.) Even reviewing this rehashed objection de novo, the court is satisfied that there was substantial evidence to support the ALJ's credibility determination for the reasons set forth by the magistrate judge. *See, e.g., Chafin v. Shalala*, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) ("It is not the proper province of the courts to second-guess the ALJ's credibility determinations.") (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964)).

III. CONCLUSION

After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Reyes's objections merely repeat the arguments she made in her brief before the magistrate judge and thus fail to trigger de novo review. The court rejects these rehashed arguments and will deny Reyes's motion for summary judgment, grant the commissioner's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: March 22, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge